IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA A. DAVENPORT<br>7816 Newbedford Avenue<br>Cincinnati, Ohio 45237 | : | |
| | : | CASE NO. 1:17-cv-213 |
| Plaintiff | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| TIME WARNER CABLE, INC.<br>c/o CT Corporation System<br>1300 East 9th Street<br>Cleveland, Ohio 44114 | : | |
| | : | |
| Defendant | : | |

**COMPLAINT**
w/ Jury Demand Endorsed Hereon

NOW COMES Plaintiff Barbara A. Davenport hereby proffers this Complaint for damages against Defendant Time Warner Cable, Inc.

**THE PARTIES**

1. Plaintiff is a natural person residing in Hamilton County, Ohio.

2. Defendant Time Warner Cable, Inc. is a Delaware corporation with a facility in Hamilton County, Ohio.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Hamilton County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant in a sales position for approximately fourteen (14) years off and on until she was unlawfully coerced to resign by Defendant on or about April 19, 2015.

6. On March 7, 2015, Plaintiff was in a car accident in which she sustained a closed head injury that did not initially seem serious.

7. On March 12, 2015, after beginning to suffer dizziness and headaches that were becoming more and more severe, Plaintiff was hospitalized for a week for treatment and observation for the closed head injury.

8. Plaintiff returned to work on March 22, 2015, and worked until her symptoms again became too serious for her to continue without medical attention.

9. On or about April 19, 2015, Plaintiff reported to her supervisor that she still did not feel right, and reported the dizziness and headaches had returned and would not subside. When she reported this to her supervisor, she was told by her supervisor that if she ever wanted to work for Defendant again, she would need to resign her employment, because if she took any more time off she would be discharged and would be marked as not eligible for rehire.

10. On April 19, 2015, having been admonished by her supervisor that she would be discharged, and having no choice but to seek further medical treatment and time off of work, Plaintiff resigned her employment with Defendant.

11. Plaintiff had been off of work previously on Long-Term Disability for approximately five (5) years, returning to work full-time and without restrictions on June 6, 2014.

12. At no time during March or April of 2015 did Defendant ever designate any of Plaintiff's

time off of work as Family Medical Leave Act ("FMLA") leave time, nor did it advise Plaintiff that she was eligible for such leave.

13. Throughout the years 2014 and 2015, Defendant employed at least 50 persons at the Hamilton County facility at which Plaintiff worked.

14. Plaintiff had worked at least 1,250 hours in the 12 months preceding March 12, 2015, and April 2, 2015.

## COUNT I
### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
### 29 U.S.C. §2601 et seq.

15. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-14 above as if fully rewritten here.

16. Plaintiff's proposed medical leave time for treatment of, observation of, and recovery from her closed head injury was for a serious health condition as defined in the FMLA.

17. Defendant violated the FMLA by retaliating against Plaintiff for her exercise of her FMLA rights.

18. Defendant violated the FMLA by using her imminent usage of FMLA leave time as a negative factor leading to constructive discharge.

19. Defendant violated the FMLA by failing to designate Plaintiff's leave that began on March 12, 2015 as FMLA leave.

20. Defendant violated the FMLA by discouraging Plaintiff from lawful exercise of her FMLA leave rights.

21. Defendant violated the FMLA by failing to advise Plaintiff that she was an "eligible employee" in regards to FMLA leave during March and April of 2015.

22. Defendants lacked good faith and/or reasonable grounds to believe that they had not violated the FMLA in their actions toward, and constructive discharge of, Plaintiff.

23. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $150,000.00, as well as the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, statutory liquidated damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $150,000.00, and the equitable remedy of reinstatement and/or front pay.

### **JURY DEMAND**

Plaintiff demands that a jury decide her claim.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Law Offices of Gary A. Reeve, LLC
P.O. Box 7866
Columbus, Ohio 43207
(614) 808-1881
*greeve@reevelaw.net*

4